Filed 10/23/24  P. v. McDaniels CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br>v.<br>ALPACINO MCDANIELS,<br><br>     Defendant and Appellant. | A169509<br><br>(Alameda County<br>Super. Ct. No. 175145) |

In 2016, a jury convicted defendant Alpacino McDaniels of first degree murder and found true various firearm enhancements, including that he personally and intentionally discharged a firearm causing death under Penal Code section 12022.53, subdivision (d) (section 12022.53(d)).[1]  He was sentenced to 50 years to life in prison.

McDaniels appealed, and we affirmed, except we remanded for the trial court to exercise its discretion to strike or dismiss the firearm enhancements under Senate Bill No. 620 (Stats. 2017, ch. 682) (Senate Bill No. 620).  (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 423–424.)  On remand, the court stayed the section 12022.53(d) enhancement and imposed a previously stayed enhancement for personally and intentionally discharging a firearm

---

[1] All further statutory references are to the Penal Code.

under section 12022.53, subdivision (c).  Thus, the total sentence was reduced to 45 years to life.

In 2022, McDaniels filed a petition for resentencing under former section 1170.95, now 1172.6, based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015).  Under the current statute, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and be resentenced on any remaining counts."  (§ 1172.6, subd. (a).)  The trial court denied McDaniels's resentencing petition for failure to make a prima facie case for relief, concluding that the lack of jury instructions on any theory of imputed malice established that he was convicted on a still-valid theory of murder.

McDaniels now appeals from the denial of his petition for resentencing.  His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal.  Under that framework, McDaniels received notice that he had a right to file a supplemental brief or his appeal could be dismissed.  (See *Delgadillo*, at pp. 231–232.)

McDaniels filed a letter brief raising several claims of alleged trial error, most of which we have previously rejected.  None of these claims provide a basis for overturning the denial of his resentencing petition.  Nor do we perceive any other arguable issues, as any error would necessarily be harmless since McDaniels is ineligible for relief as a matter of law under section 1172.6.  Thus, we affirm.

BACKGROUND

McDaniels was charged with one count of murder and one count of being a felon in possession of a firearm based on the killing of Teric Traylor. The evidence introduced at trial showed that in July 2013, an acquaintance of McDaniels's got into a physical fight with Traylor in front of several other people on a West Oakland street. Two witnesses testified that they saw McDaniels, who often hung out in the area, shoot Traylor. Traylor was shot three times by the same gun and died from his wounds.

The jury convicted McDaniels of first degree murder and being a felon in possession of a firearm. In connection with the murder, the jury also found true that he personally and intentionally discharged a firearm causing death, personally and intentionally discharged a firearm, and personally used a firearm.[2] In June 2016, the trial court sentenced McDaniels to a total term of 50 years to life in prison, composed of a term of 25 years to life for the murder, a consecutive term of 25 years to life for the enhancement under section 12022.53(d), and a concurrent term of two years for the firearm possession. Twenty- and ten-year terms for the other two firearm enhancements were imposed and stayed.

In McDaniels's appeal from the judgment, we rejected most of his claims but concluded that a remand for resentencing was necessary for the trial court to exercise its new discretion under Senate Bill No. 620 to decide whether to strike any of the firearm enhancements. In December 2018, after

---

[2] The jury convicted McDaniels of the crimes under sections 187, subdivision (a) (murder), and 29800, subdivision (a)(1) (firearm possession), and found the firearm enhancements true under section 12022.53, subdivisions (b) (use), (c) (discharge), and (d) (discharge causing death).

3

our remittitur issued, the court declined to strike any of the enhancements. It did, however, stay the term for the section 12022.53(d) enhancement and instead imposed the previously stayed term for discharge of a firearm under section 12022.53, subdivision (c).[3] This reduced McDaniels's sentence to a total term of 45 years to life.

Meanwhile, shortly before resentencing McDaniels, the trial court denied his petition for a writ of habeas corpus filed in that court. In March 2019, McDaniels filed a habeas petition in this court raising several claims, including two claims we had rejected in his direct appeal. Two months later, we denied the petition. (*In re McDaniels* (May 9, 2019, A150329).)

In May 2022, McDaniels filed a petition for resentencing under former section 1170.95. On a form petition, he checked boxes indicating that he met all the statutory requirements for relief, including that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189, effective January 1, 2019." (See § 1172.6, subd. (a).) He also requested that counsel be appointed for him.

---

[3] We question whether the trial court had authority to stay the section 12022.53(d) enhancement instead of striking it. Senate Bill No. 620 gave courts discretion under section 1385 to "strike or dismiss" "an enhancement otherwise required to be imposed" under section 12022.53. (§ 12022.53, subd. (h).) But section 12022.53 still provides that "[i]f more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment" (§ 12022.53, subd. (f)), with the lesser enhancements imposed and stayed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1123.) Ultimately, we need not decide whether the court could impose the 20-year enhancement without striking the 25-year-to-life enhancement, because we lack jurisdiction to consider the issue in this appeal. (See *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1114–1115.)

4

The trial court concluded that the petition was " 'facially sufficient,' " appointed counsel for McDaniels, and ordered briefing, despite its misgivings about his eligibility for resentencing.  (Quoting *People v. Lewis* (2021) 11 Cal.5th 952, 970.)  The prosecution filed a response arguing that McDaniels could not obtain relief because the jury (1) found he was the actual killer, based on its true finding on the section 12022.53(d) enhancement, and (2) was not instructed on any theories of imputed malice.  In reply, McDaniels disputed the legal significance of the section 12022.53(d) finding but failed to explain why the absence of jury instructions on imputed malice was not decisive.

In December 2023, the trial court denied the resentencing petition for failure to make a prima facie case for relief under section 1172.6.  The court did not rely on the section 12022.53(d) enhancement in denying the petition. Instead, the court concluded that McDaniels was not entitled to relief because "there was no co-defendant, [and] . . . the instructions were first- and second-degree murder.  There was no natural and probable consequences doctrine instruction given.  No felony murder instruction given.  No aiding and abetting instruction given; and therefore, on the record of conviction, there was no means by which [McDaniels] would be convicted under a theory that would be invalid today under the imputation of malice."

## II.
### DISCUSSION

In his letter brief, McDaniels does not address the trial court's denial of his resentencing petition.  Instead, he raises numerous issues that involve purported errors at his trial, most of which we already rejected in his direct appeal or the habeas proceeding in this court.

It is understandable that McDaniels raises these issues, as he asserts that his current appellate counsel broadly told him to file a supplemental

brief " 'if there is anything [he] want[ed] the Court of Appeal to look at.' " But we cannot decide these already-rejected issues in this proceeding. "The mere filing of a [former] section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. . . . 'The purpose of [the statute] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) None of McDaniels's claims are relevant to whether the trial court erred by denying his resentencing petition.

Having exercised our discretion to perform an independent review of the record, we do not perceive any other arguable issues either. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.) The only theory of first degree murder on which the jury was instructed was willful, deliberate, and premeditated murder under CALJIC 8.20. No instructions on felony murder, the natural and probable consequences doctrine, or any other theory of vicarious liability were given. Thus, McDaniels is ineligible for resentencing under section 1172.6 as a matter of law because he was not "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) In turn, any error in the denial of his resentencing petition was necessarily harmless. (See, e.g., *People v. Lewis*, *supra*, 11 Cal.5th at pp. 957–958 [assessing prejudice from failure to appoint counsel under former section 1170.95].)

## III.
### DISPOSITION

The December 19, 2023 order denying McDaniels's petition for resentencing is affirmed.

_____

Humes, P. J.


WE CONCUR:


_____

Banke, J.


_____

Langhorne Wilson, J.


*People v. McDaniels*  A169509

8